## Case No. 9,456.

### The MERCURY.

[Blatchf. Pr. Cas. 328.] [1]

District Court, S. D. New York. Feb. 28, 1863.

PRIZE—VIOLATION OF BLOCKADE—ENEMY PROPERTY.

Vessel and cargo condemned for a violation of the blockade, and as enemy property.

In admiralty.

BETTS, District Judge. This vessel, with a cargo of spirits of turpentine, was captured as prize January 4, 1863, coming out of Charleston harbor, by the United States ship-of-war Quaker City. The cargo was sent to this port for adjudication, and regularly arrested here, by warrant of attachment, January 30 thereafter. The marshal duly returned the process February 17 thereafter. No one appearing on the return and proclamation to make defence, a judgment of default and condemnation was then duly entered, upon motion of the district attorney. No ship's papers were found on board of the vessel. The owner of the vessel, her mate, and one passenger were examined as wit-

---

[1] [Reported by Samuel Blatchford, Esq.]

nesses in preparatorio before the prize commissioners. The facts proved by the testimony are, that the vessel and her cargo of turpentine were both the entire property of the witness, the owner, who resided in Charleston, and avowed, on oath, his citizenship, and denied all allegiance to the United States government. He purchased the vessel and her cargo in Charleston immediately previous to her leaving port on this voyage. He knew of the blockade of the port. She had attempted to come out once unsuccessfully previous to her capture, and was captured in or near the harbor of Charleston as she came out of it on a voyage destined to Nassau, New Providence, and back to Charleston. A mail on board, which she was carrying to Nassau, was thrown overboard. The owner avers that she raised no flag because she had none on board, but that he would have carried a confederate flag had he possessed one, and would have resisted the seizure by force had he been armed. The mate testifies that the capture was made in Charleston harbor, January 4, between two and three o'clock in the morning. The vessel was on her arrest taken to Port Royal, and, under an appraisement and survey, by order of Admiral Dupont, was appropriated to the use of the United States naval service on that station, at the valuation of $200.

Let a decree be entered for the condemnation and forfeiture of the vessel and cargo to the libellants.